UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| VASTI MARIA DA SILVA JACKSON,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>SEATTLE CENTRAL COMMUNITY COLLEGE,<br><br>　　　　Defendant. | Case No. C22-1068RSM<br><br>ORDER OF DISMISSAL |

This matter comes before the Court *sua sponte*. *Pro se* Plaintiff Vasti Maria Da Silva Jackson was granted leave to proceed *in forma pauperis* in this matter on August 2, 2022. Dkt. #3. The Complaint has been posted on the docket. #4. Summons has not yet been issued.

Ms. Jackson pleads that she brought an action against the Bush Administration, the FBI, and Seattle Central Community College in 2004, Case. No. 04-cv-01417-TSZ, but that "under the persistent pressure of harassment, extortion, coercion, wrongful persecution, and death threats against my life, committed by Mr. Steven Keith Nelson… I was impaired to show up when the Honorable Judge Zilly… ordered me to appear in court, and consequently, my case was dismissed." *Id*. at 1.

She alleges that she reopened the case in 2006, was once again asked to appear in court, and was once again threatened by Mr. Nelson and failed to appear, resulting in dismissal. *Id*. at

ORDER OF DISMISSAL - 1

2. She states that all of the crimes mentioned in this Complaint directly or indirectly involve Seattle Central Community College and are not subject to the statute of limitation "because so many other crimes associated with Seattle Central Community College are still being committed against me, and Seattle Central Community College, during all these years, have benefited with the horrendous crimes that Mr. Steven Keith Nelson and the gang of criminals who are infiltrated inside Seattle Central Community College, are still committing against me." *Id.*

Ms. Jackson alleges the following causes of action against Seattle Central Community College: intentional infliction of emotional distress/outrage, battery, defamation, retaliation, deprivation of rights under § 1983, breach of contract, false imprisonment, sexual assault, and a civil action under *Bivens*. *Id*. at 3–5.

The Complaint spends several pages detailing what appear to be her claims against the Bush Administration from her original 2006 lawsuit. *See id.* at 7. These claims veer wildly off topic from any potential claims that could be brought against this Defendant now. For example, one paragraph states:

> Then, one morning, during the second week of March 2003, while interrogating me inside the classroom, a male undercover government agent, told me that on my immigration papers, there were claims that I was born and raised on a very poor Brazilian background, but my sophisticated persona was not consistent with someone coming from such a poor background. He told me that I smelled like rotten fish and looked like a fraud, and he wanted to know from where the money that I had in my bank account had come from, who had paid for me to come to the United States, and who was paying for my college tuition. And when I told him that none of that was his business, he called me a political prostitute!

*Id*. at 13.

ORDER OF DISMISSAL - 2

Ms. Jackson fails to allege any acts of Seattle Central Community College, or which could reasonably be associated with it, occurring in the last fifteen years.

Ms. Jackson accuses Seattle Central Community College of causing permanent trauma and seeks punitive damages against it in the amount of 73 million dollars. *Id*. at 27.

On October 5, 2022, the Court reviewed the Complaint for frivolousness under 28 U.S.C. § 1915(e)(2)(B) and issued an Order to Show Cause directing Ms. Jackson to explain: (1) why her claims are not duplicative of previously dismissed lawsuits, (2) why the statute of limitations does not bar all of her claims; and (3) why this case should not be dismissed as frivolous. Dkt. #9. The Court noted Ms. Jackson brough a similar action earlier this year against Steven Keith Nelson, Case No. 2:22-cv-00053-JHC, which was dismissed by the Honorable John H. Chun. In that case, Ms. Jackson raised similar allegations against Mr. Nelson and sought 19 million dollars in damages.

Ms. Jackson's Response dutifully responds to the Court's questions. She states that this case is not duplicative of Case No. 2:22-cv-00053-JHC "because Seattle Central has their role on all the crimes committed against me, and Mr. Steven Keith Nelson has his role on horrendous crimes he committed against me." Dkt. #10 at 1. Ms. Jackson continues, "[a]nd as I mentioned throughout this complaint against Seattle Central Community College, Mr. Steven Keith Nelson have been working with the criminals infiltrated inside Seattle Central Community College, and for this reason I requested this court to make Seattle Central Community College also vicariously liable for the crimes that Mr. Steven Keith Nelson Committed against me." *Id.* Ms. Jackson says that after the dismissal of Case No. 2:22-cv-00053-JHC she refiled her claims against Mr. Nelson in King County Superior Court. *Id*. at 2.

ORDER OF DISMISSAL - 3

Ms. Jackson argues that applicable statutes of limitation do not bar her claims because of "the Doctrines of Continuous Violations, the Doctrine of New Discoveries, and the proved fact that suffering from Post-Traumatic Stress Disorder, inflicted by the respondent, have cause [sic] me extreme mental anguish, and have also disabled me for many years to pursuit [sic] this case in court." *Id*. at 3.

Responding to the issue of frivolousness, she states that her claims have purpose and value, and that she was deeply traumatized, and that she is seeking "justice for all the crimes, injustices, and injuries committed against me." *Id*. at 5.

The Court will dismiss a Complaint at any time if the action fails to state a claim, raises frivolous or malicious claims, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

The Court finds that the instant action is duplicative of Case No. 2:22-cv-00053-JHC and the pending action in King County Superior Court because it raises claims that were or should have been included in those actions. This action essentially seeks to hold Defendant vicariously liable for the criminal actions of Mr. Nelson. It should not proceed separate and parallel to the pending action in King County Superior Court for numerous procedural reasons, including the risk of inconsistent rulings.

The Court further finds that the Complaint fails to state a claim, raises frivolous or malicious claims, and seeks monetary relief from a defendant that is likely immune from such relief. Ms. Jackson's claims against Seattle Central Community College are fantastical and in any event fail to establish liability against this Defendant for equally fantastical claims of harm from a vast conspiracy orchestrated by the Bush Administration and Mr. Nelson to embarrass and harm Ms. Jackson. Even if such claims could survive a review under Rule 12(b)(6), they

have been brought previously and dismissed in prior actions. Furthermore, all of her claims are barred by applicable statutes of limitation. There is no reasonable basis to equitably toll the statutes of limitation. Ms. Jackson has not credibly alleged continuous acts from this Defendant or presented newly discovered facts that would toll applicable statutes of limitation. She was clearly able to bring these claims in a prior action fifteen years ago, even if she was unable to proceed to trial. Although the Court is sympathetic to Ms. Jackson's claimed PTSD, she has failed to allege sufficient facts indicating that her PTSD or mental anguish have prevented her from filing this lawsuit for fifteen years. Permitting Ms. Jackson to proceed with this action would lead to only one result—the granting of a motion to dismiss filed by Seattle Central Community College.

Given all of the above, dismissal under 28 U.S.C. § 1915(e)(2)(B) is warranted.

Having reviewed the relevant briefing and the remainder of the record, the Court hereby finds and ORDERS that Plaintiff's claims are DISMISSED and this case is CLOSED.

DATED this 18th day of October, 2022.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER OF DISMISSAL - 5